UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PATRICIO R. MAMOT,

                Plaintiff,

-against-

BILINGUAL, INC.; NYC SMALL CLAIMS COURT; NYC BOARD OF EDUCATION; THE DIRECTOR; NEW YORK BOARD OF EDUCATION CHANCELLOR; NYC SMALL CLAIMS COURT JUDGE JEFFREY OING,

                Defendants.

1:21-CV-6716 (LTS)

ORDER OF DISMISSAL

LAURA TAYLOR SWAIN, Chief United States District Judge:

      Plaintiff Patricio R. Mamot, who appears *pro se*, brings this action under the Court's federal question jurisdiction. He sues: (1) Bilingual, Inc. (actually, Bilinguals, Inc. ("Bilinguals")), a private corporation that has provided services to the New York City Board of Education (now known as the New York City Department of Education ("DOE"));[1] (2) the Small Claims Part of the Civil Court of the City of New York ("New York City Small Claims Court"); (3) the New York City Board of Education (the Court understands this defendant to be the DOE); (4) the Director of Bilinguals; (5) the New York City Schools Chancellor; and (6) former New York City Small Claims Court Judge (and current Justice of the New York Supreme Court, Appellate Division, First Department) Jeffrey Oing. Plaintiff alleges that these defendants discriminated against him because he is a Filipino American.

---

[1] *See Nacipucha v. City of New York*, 18 Misc. 3d 846, 850-51 (S. Ct. Bronx Cnty. 2008) (discussing changes to the New York Education Law and bylaws of the New York City Board of Education).

In the relief section of his complaint, Plaintiff states that since 1999, he has been "blacklisted." (ECF 2, at 6.) In an attachment to his complaint, Plaintiff states that his complaint "is about clearing [his] name and professional reputation. . . ." (*Id.* at 9.) He also asks that, if the DOE fails to provide evidence of Plaintiff's wrongdoing, Bilinguals "should be sanctioned as punishment for perjury and absconding [with] government funds." (*Id.* at 10.) He further asks that if Judge Oing or another state-court appellate judge is found "guilty of gross judicial misconduct, [they] . . . be impeached as soon as feasibly possible." (*Id.* at 8.) In addition, Plaintiff asks that the DOE cancel its "contractual relations" with Bilinguals, and that if counsel for Bilinguals "resorted to egregious manner [sic] in placing undue influence on" Judge Oing and on the New York Court of Appeals "through illegal collusion," that that counsel be disbarred. (*Id.*)

The Court construes Plaintiff's complaint as asserting claims under 42 U.S.C. § 1981 against Bilinguals and its Director, and claims under 42 U.S.C. § 1983 against the other defendants. The Court also construes Plaintiff's complaint as asserting claims under New York's Freedom of Information Law against the DOE and the New York City Schools Chancellor with regard to the DOE's alleged failure to provide Plaintiff with requested records.[2] By order dated September 9, 2021, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis*. For the reasons set forth below, the Court dismisses this action.

## STANDARD OF REVIEW

The Court must dismiss an *in forma pauperis* complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks

---

[2] On September 13, 2021, the Court received a letter from Plaintiff in which he makes allegations similar to those in his complaint. (ECF 4.) The Court regards the letter as a supplement to the complaint.

2

monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted, emphasis in original). But the "special solicitude" in *pro se* cases, *id.* at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

The Supreme Court of the United States has held that, under Rule 8, a complaint must include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Id.* But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Id.* (citing *Twombly*, 550 U.S. at 555). After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.* at 679.

## BACKGROUND

Plaintiff alleges the following: In 1996, Plaintiff filed suit in the Small Claims Part of the Civil Court of the City of New York against Bilinguals. He accused Bilinguals of "depriving [him] of [his] professional fees in the amount of $3,000 as a speech and language pathologist in providing home-bound early intervention therapy to special-need children of New York City." (ECF 2, at 9.) Judge Oing, the judge who presided over Plaintiff's small-claims case, "found [Plaintiff] guilty instead." (*Id.*)

Bilinguals's attorney presented to Judge Oing "alleged 'returned checks' . . . total[ing] . . . $5,000+" without showing those returned checks to Plaintiff. (*Id.*) Bilinguals's attorney also "promised to present more evidence of 'returned checks' and Judge Oing agreed to wait before making his decision. . . . [But] [w]ithout waiting for the promised eviden[ce], Judge Oing convicted [Plaintiff] of fraud." (*Id.*)

Plaintiff appealed. The "Appeal judge asked [Plaintiff only] one . . . question: 'How many pro se cases ha[d] [Plaintiff] filed?'" (*Id.* at 13.) Plaintiff responded that he had filed more than one, and perhaps three or four. The "Appeal judge [then] quickly banged the gavel and declared with a booming voice: 'The case is dismissed.'"[3] (*Id.*)

The DOE has refused to respond to Plaintiff's repeated requests for the "'returned checks' [issued] between 1996 and 1998." (*Id.* at 10.)

---

[3] In a January 19, 2010 decision of the New York Supreme Court, Appellate Term, First Department, that court affirmed a September 22, 2008 decision of Judge Oing in which Judge Oing dismissed Plaintiff's small-claims case against Bilinguals and awarded Bilinguals $4,000 in damages on its counterclaim against Plaintiff. *Mamot v. Bilinguals, Inc.*, 26 Misc. 3d 131(A) (App. Term, First Dep't 2010).

## DISCUSSION

A.   **The Small Claims Part of the Civil Court of the City of New York**

The Court must dismiss Plaintiff's claims under 42 U.S.C. § 1983 against the Small Claims Part of the Civil Court of the City of New York ("New York City Small Claims Court") under the doctrine of Eleventh Amendment immunity. "[A]s a general rule, state governments may not be sued in federal court unless they have waived their Eleventh Amendment immunity, or unless Congress has abrogate[d] the states' Eleventh Amendment immunity. . . ." *Gollomp v. Spitzer*, 568 F.3d 355, 366 (2d Cir. 2009) (internal quotation marks and citation omitted, second alteration in original). "[T]he immunity recognized by the Eleventh Amendment extends beyond the states themselves to state agents and state instrumentalities that are, effectively, arms of a state." *Id*. (internal quotation marks and citation omitted). This immunity shields States from claims for money damages, injunctive relief, and retrospective declaratory relief. *See Green v. Mansour*, 474 U.S. 64, 72-74 (1985); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 101-02 (1984).

Congress has not abrogated the States' immunity for claims under Section 1983. *See Dube v. State Univ. of N.Y.*, 900 F.2d 587, 594 (2d Cir. 1990). And the State of New York has not waived its immunity to suit in federal court. *See Trotman v. Palisades Interstate Park Comm'n*, 557 F.2d 35, 40 (2d Cir. 1977).

As part of the New York State Unified Court System, the New York City Small Claims Court is an arm of the State of New York and thus enjoys Eleventh Amendment immunity from suit. *See Gollomp*, 568 F.3d at 368 ("[T]he New York State Unified Court System is unquestionably an 'arm of the State,' and is entitled to Eleventh Amendment sovereign immunity."); *Commins v. Habberstad BMW*, No. 11-CV-2419, 2012 WL 956185, at *8 (E.D.N.Y. Mar. 20, 2012) ("[T]he New York State Office of Court Administration administers

the New York State courts, such as the Suffolk County Small Claims Court, through the Unified Court System. Accordingly, any such claim . . . [against that court] is barred by the Eleventh Amendment as against New York State."), *appeal dismissed*, No. 12-4002 (2d Cir. Feb. 7, 2013). Accordingly, the Court dismisses Plaintiff's claims under Section 1983 against the New York City Small Claims Court under the doctrine of Eleventh Amendment immunity.

**B.      Judicial immunity**

The Court must dismiss Plaintiff's claims under Section 1983 against Judge Oing, and any claims Plaintiff asserts under Section 1983 against judges of the Appellate Term, under the doctrine of judicial immunity. Under this doctrine, judges are absolutely immune from civil suit for any actions taken within the scope of their judicial responsibilities. *See Mireles v. Waco*, 502 U.S. 9, 11-12 (1991). Generally, "acts arising out of, or related to, individual cases before the judge are considered judicial in nature." *Bliven v. Hunt*, 579 F.3d 204, 210 (2d Cir. 2009). "[E]ven allegations of bad faith or malice cannot overcome judicial immunity." *Id.* at 209. This is because "[w]ithout insulation from liability, judges would be subject to harassment and intimidation. . . ." *Young v. Selsky*, 41 F.3d 47, 51 (2d Cir. 1994). And as amended in 1996, Section 1983 provides that "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983.

Judicial immunity does not apply when the judge takes action "outside" his or her judicial capacity, or when the judge takes action that, although judicial in nature, is taken in absence of all jurisdiction. *Mireles,* 502 U.S. at 11-12; *see also Bliven,* 579 F.3d at 209-10 (describing actions that are judicial in nature). But "the scope of [a] judge's jurisdiction must be construed broadly where the issue is the immunity of the judge." *Stump v. Sparkman,* 435 U.S. 349, 356 (1978).

6

Plaintiff asserts claims against Judge Oing arising from his decisions and actions while presiding over Plaintiff's small-claims action, and against Appellate Term judges arising from their decisions and actions while presiding over Plaintiff's subsequent appeal. Those judges are therefore immune from suit under the doctrine of judicial immunity. Accordingly, the Court dismisses Plaintiff's claims under Section 1983 against those judges under the doctrine of judicial immunity and because those claims are frivolous. *See* 28 U.S.C. § 1915(e)(2)(B)(i); *Mills v. Fischer*, 645 F.3d 176, 177 (2d Cir. 2011) (claims dismissed because of judicial immunity are frivolous for the purpose of the *in forma pauperis* statute, 28 U.S.C. § 1915).[4]

**C.    The *Rooker-Feldman* doctrine**

To the extent that Plaintiff asks this Court to overturn Judge Oing's September 22, 2008 decision in which he dismissed Plaintiff's small-claims action and issued a counterclaim judgment against Plaintiff, or the Appellate Term's January 19, 2010 decision affirming Judge Oing's decision, Plaintiff's claims are barred by the *Rooker-Feldman* doctrine. Under this doctrine, which was created by two decisions of the Supreme Court of the United States, *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923), and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482-86 (1983) – federal district courts lack subject matter jurisdiction to review final orders and judgments of the state courts, *see Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 291-92 (2005); *see also Verizon Md., Inc. v. Pub. Serv. Comm'n of*

---

[4] The amendment to Section 1983, allowing for injunctive relief against a judge only if a state-court declaratory decree was violated or state-court declaratory relief is unavailable, precludes Plaintiff from seeking injunctive relief against Judge Oing or the Appellate Term judges because Plaintiff could have appealed to the New York Supreme Court, Appellate Division, First Department, and to the New York Court of Appeals. *See generally Berlin v. Meijias*, No. 15-CV-5308, 2017 WL 4402457, at *4 (E.D.N.Y. Sept. 30, 2017) ("Here, no declaratory decree was violated and declaratory relief is available to plaintiffs through an appeal of the state court judges' decisions in state court."), *appeal dismissed*, No. 17-3589 (2d Cir. Apr. 18, 2018) (effective May 18, 2018).

7

*Md.*, 535 U.S. 635, 644 n.3 (2002) ("28 U.S.C. § 1331 is a grant of original jurisdiction, and does not authorize district courts to exercise appellate jurisdiction over state-court judgments. . . ."); *Dorce v. City of New York*, 2 F.4th 82, 101 (2d Cir. 2021) ("The *Rooker-Feldman* doctrine bars federal district courts from hearing cases that in effect are appeals from state court judgments, because the Supreme Court [of the United States] is the only federal court with jurisdiction over such cases.").

Because it appears that Plaintiff asks this Court to invalidate the above referenced final decisions of the state courts, the Court must dismiss those claims for relief for lack of subject matter jurisdiction under the *Rooker-Feldman* doctrine. *See* Fed. R. Civ. P. 12(h)(3).

**D.     The New York City Department of Education**

When a plaintiff sues a municipality or other local government unit under Section 1983, it is not enough for the plaintiff to allege that one of the municipality's or local government unit's employees or agents engaged in some wrongdoing. The plaintiff must show that the municipality or other local government unit itself caused the violation of the plaintiff's rights. *See Connick v. Thompson,* 563 U.S. 51, 60 (2011) ("A municipality or other local government may be liable under this section [1983] if the governmental body itself 'subjects' a person to a deprivation of rights or 'causes' a person 'to be subjected' to such deprivation." (quoting *Monell v. Dep't of Soc. Servs. of City of New York,* 436 U.S. 658, 692 (1978)); *Cash v. Cnty. of Erie,* 654 F.3d 324, 333 (2d Cir. 2011). In other words, to state a claim under Section 1983 against a municipality or other local government unit, the plaintiff must allege facts showing (1) the existence of a municipal or local government unit's policy, custom, or practice, and (2) that the policy, custom, or practice caused the violation of the plaintiff's constitutional rights. *Jones v. Town of East Haven*, 691 F.3d 72, 80 (2d Cir. 2012); *see Bd. of Cnty. Comm'rs of Bryan Cnty. v. Brown,* 520 U.S. 397, 403 (1997) (internal citations omitted). This rule applies to claims brought

under Section 1983 against the New York City Department of Education ("DOE") (formerly known as the New York City Board of Education). *See Agosto v. N.Y.C. Dep't of Educ.*, 982 F.3d 86, 97-101 (2d Cir. 2020).

Plaintiff has alleged no facts showing that his federal constitutional rights have been violated because of a policy, custom, or practice of the DOE. The Court therefore dismisses Plaintiff's claims under Section 1983 against the DOE for failure to state a claim on which relief may be granted. *See* § 1915(e)(2)(B)(ii).

E.  **The New York City Schools Chancellor**

The Court must also dismiss Plaintiff's claims under Section 1983 against the New York City Schools Chancellor. To state a claim under Section 1983 against an individual government official, a plaintiff must allege facts showing the individual defendant's direct and personal involvement in the constitutional deprivation. *See Spavone v. N.Y. State Dep' t of Corr. Serv.*, 719 F.3d 127, 135 (2d Cir. 2013) ("It is well settled in this Circuit that personal involvement of defendants in the alleged constitutional deprivations is a prerequisite to an award of damages under § 1983.") (internal quotation marks and citation omitted). A defendant may not be held liable under Section 1983 solely because that defendant employs or supervises a person who violated the plaintiff's rights. *See Iqbal*, 556 U.S. at 676 ("Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*."). Rather, "[t]o hold a [government] official liable under § 1983, a plaintiff must plead and prove the elements of the underlying constitutional violation directly against the official. . . ." *Tangreti v. Bachmann*, 983 F.3d 609, 620 (2d Cir. 2020).

Plaintiff names the New York City Schools Chancellor as a defendant in this action, but he alleges no facts showing that the Chancellor has been personally involved in any violations of his federal constitutional rights. The Court therefore dismisses Plaintiff's claims under Section

9

1983 against the Chancellor for failure to state a claim on which relief may be granted. *See* § 1915(e)(2)(B)(ii).

F.   **Bilinguals and its Director**

Plaintiff's claims under 42 U.S.C. § 1981 ("Section 1981") against Bilinguals and its Director are time-barred. The length of the limitations period to bring a claim under Section 1981 is either four years or three years. *See Jones v. R.R. Donnelley & Sons Co.*, 541 U.S. 369, 382 (2004) (claims under Section 1981 are governed by a four-year statute of limitations "if the plaintiff's claim against the defendant was made possible by" an Act of Congress enacted after December 1, 1990); *Curto v. Edmundson*, 392 F.3d 502, 504 (2d Cir. 2004) (three years). "A § 1981 claim accrues when the plaintiff knows or has reason to know of the injury that is the basis of his action." *Seck v. Info. Mgmt. Network*, No. 15-CV-7354, 2015 WL 13662180, at *4 (S.D.N.Y. Dec. 7, 2015), *aff'd*, 697 F. App'x 33 (2d Cir. 2017) (summary order).

Because the failure to file an action within the limitations period is a basis for an affirmative defense, a plaintiff is generally not required to plead that his claims are timely filed. *See Abbas v. Dixon*, 480 F.3d 636, 640 (2d Cir. 2007). Dismissal *sua sponte* is appropriate, however, where the existence of an affirmative defense, such as untimeliness, is plain from the face of the complaint. *See Walters v. Indus. & Commercial Bank of China, Ltd.*, 651 F.3d 280, 293 (2d Cir. 2011).

Plaintiff seems to assert claims under Section 1981 against Bilinguals and its Director arising from events that occurred before 1996, and that continued, perhaps, until as late as January 19, 2010, when Plaintiff's state-court litigation against Bilinguals ended. Thus, at the latest, the limitations period in which to bring claims under Section 1981 arising from those events expired on or about January 19, 2014, four years after Plaintiff's state-court litigation against Bilinguals ended. But Plaintiff did not file his complaint in this court until August 9,

10

2021, years after the applicable limitations period expired. The Court therefore dismisses Plaintiff's claims under Section 1981 against Bilinguals and its Director for failure to state a claim on which relief may be granted as time-barred. *See* § 1915(e)(2)(B)(ii).

**G.  Claims under state law**

A district court may decline to exercise supplemental jurisdiction over a plaintiff's claims under state law when the court "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Generally, "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction. . . ." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988) (footnote omitted). Having dismissed the federal claims of which the Court has original jurisdiction, the Court declines to exercise its supplemental jurisdiction over any claims under state law Plaintiff may be asserting, including any claims under New York's Freedom of Information Law with regard to the DOE's alleged failure to provide Plaintiff with requested records. *See Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("Subsection (c) of § 1367 'confirms the discretionary nature of supplemental jurisdiction by enumerating the circumstances in which district courts can refuse its exercise.'" (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997))).

**H.  The Court declines to grant Plaintiff leave to amend**

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend his complaint.

## CONCLUSION

The Court dismisses this action. The Court dismisses Plaintiff's claims under federal law under the doctrines of Eleventh Amendment immunity and judicial immunity, for lack of subject matter jurisdiction under the *Rooker-Feldman* doctrine, as frivolous, and for failure to state a claim on which relief may be granted.

The Court declines to consider, under its supplemental jurisdiction, Plaintiff's claims under state law. *See* 28 U.S.C. § 1367(c)(3).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court directs the Clerk of Court to mail a copy of this order to Plaintiff and note service on the docket.[5]

SO ORDERED.

Dated:   September 27, 2021
         New York, New York

                                      /s/ Laura Taylor Swain
                                      LAURA TAYLOR SWAIN
                                    Chief United States District Judge

---

[5] The Court notes that by order dated September 27, 2021, the Court granted Plaintiff 30 days' leave to show cause why the Court should not bar Plaintiff from filing any further civil actions in this court *in forma pauperis* without first obtaining permission from the court. *Mamot v. Geico Car Ins.*, ECF 1:21-CV-6717, 4, at 9 (S.D.N.Y. Sept. 27, 2021). The Court issued that order because of Plaintiff's history of filing nonmeritorious litigation in this court, and because Plaintiff failed to heed the court's previous warning about the consequences of continuing to file nonmeritorious litigation in this court. *Id.* at 7-8. Plaintiff filed this action before the Court issued its September 27, 2021 order in *Mamot*, 1:21-CV-6717, but this action is not a departure from Plaintiff's pattern of nonmeritorious litigation.